UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Jerry William Nelson**, # 269049, | C/A No. 6:08-0992-HMH-WMC |
| Petitioner, | |
| vs. | **Report and Recommendation** |
| **Lieber Correctional Institution**; and<br>**McKither Bodison**, Warden of Lieber Correctional Institution, | |
| Respondents. | |

### *Background of this Case*

This is a habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. § 2254. The petitioner is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections (SCDC). In the above-captioned case, the petitioner has submitted a Section 2254 petition to challenge his convictions for assault and battery with intent to kill, possession of a weapon during a violent crime, assault and battery of a high and aggravated nature, malicious injury to real property, and malicious injury to personal property. Those convictions were entered in the Court of General Sessions for Williamsburg County on September 5, 2000.

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism

and Effective Death Penalty Act of 1996. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

With respect to his convictions for assault and battery with intent to kill, possession of a weapon during a violent crime, assault and battery of a high and

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

aggravated nature, malicious injury to real property, and malicious injury to personal property, which were entered in the Court of General Sessions for Williamsburg County on September 5, 2000, the petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973) (exhaustion required under 28 U.S.C. § 2241). Although the petitioner has exhausted his state remedies, he has, in the case at bar, submitted a successive petition.

In *Jerry Nelson v. Lieber Correctional Institution, et al.*, Civil Action No. 6:05-2660-HMH-WMC, the petitioner on September 22, 2005, brought a Section 2254 action to challenge his convictions for assault and battery with intent to kill, possession of a weapon during a violent crime, assault and battery of a high and aggravated nature, malicious injury to real property, and malicious injury to personal property. In orders filed in Civil Action No. 6:05-2660-HMH-WMC on September 28, 2005, the undersigned granted the petitioner's motion to proceed *in forma pauperis* and directed the respondents to file a return. On November 17, 2005, the respondents filed a response and a motion for summary judgment.

The undersigned on November 18, 2005, issued a *Roseboro* order to apprise the petitioner of dispositive motion procedure. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). The petitioner responded to the *Roseboro* order on November 23, 2005. In a Report and Recommendation filed in Civil Action 6:05-2660-HMH-WMC on April 20, 2006, the undersigned recommended that the respondents' motion for summary judgment be granted.

The parties in Civil Action No. 6:05-2660-HMH-WMC were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. No objections were filed.

In an Order filed in Civil Action No. 6:05-2660-HMH-WMC on May 16, 2006, the Honorable Henry M. Herlong, Jr., United States District Judge, adopted the Report and Recommendation and granted summary judgment to the respondents. The petitioner's subsequent appeal in Civil Action No. 6:05-2660-HMH-WMC was not successful. On October 3, 2006, the United States Court of Appeals for the Fourth Circuit dismissed the appeal and noted that the petitioner had waived appellate review by failing to file timely written objections to the undersigned's Report and Recommendation. *See Nelson v. Lieber Correctional Institution*, 201 Fed.Appx. 927, 2006 U.S.App. LEXIS® 24699, 2006 WESTLAW® 2817721 (4th Cir., Oct. 3, 2006).

The petitioner filed two (2) successive habeas petitions after Civil Action No. 6:05-2660-HMH-WMC was decided. The Section 2254 petition in *Jerry W. Nelson v. Attorney General Henry McMaster*, Civil Action No. 6:06-1729-HMH-WMC, was dismissed as successive by Judge Herlong on August 4, 2006. The petitioner's subsequent appeal in Civil Action No. 6:06-1729-HMH-WMC was not successful. *See Nelson v. McMaster*, 203 Fed.Appx. 479, 2006 U.S. App. LEXIS® 26390, 2006 WESTLAW® 3025626 (4th Cir., Oct. 24, 2006), where the United States Court of Appeals for the Fourth Circuit dismissed the appeal and apprised the petitioner of the requirements for seeking leave to file a successive petition.

The Section 2254 petition in *Jerry W. Nelson v. Lieber Correctional Institution*, Civil Action No. 6:06-2422-HMH-WMC, was dismissed as successive by Judge Herlong on October 6, 2006. The petitioner's appeal in Civil Action No. 6:06-2422-HMH-WMC (Fourth Circuit Docket No. 08-6124), which was filed on January 2, *2008*, is pending before the United States Court of Appeals for the Fourth Circuit.

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits). *See also Tyler v. Cain*, 533 U.S. 656

4

(2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). Since Civil Action No. 6:05-2660–HMH-WMC was decided by summary judgment, the petition in the above-captioned case (Civil Action No. 6:08-0992-HMH-WMC) is successive.

This court may take judicial notice of Civil Action No. 6:05-2660–HMH-WMC, Civil Action No. 6:06-1729-HMH-WMC, and Civil Action No. 6:06-2422–HMH-WMC. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); and *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties.").

The § 2254 petition in the above-captioned case is subject to dismissal because it is a successive petition. *Miller v. Bordenkircher*, 764 F.2d 245, 248-50 & nn. 3-5 (4th Cir. 1985). *See also McClesky v. Zant*, 499 U.S. 467 (1991); Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214; *Bennett v. Angelone*, 92 F.3d 1336 (4th Cir. 1996), *cert. denied*, 519 U.S. 1002 (1996); and *Armstead v. Parke*, 930 F. Supp. 1285 (N.D. Ind. 1996), *affirmed*, 116 F.3d 1482 [Table], 1997 U.S.App. LEXIS® 14835, 1997 WESTLAW® 345896 (7th Cir., June 13, 1997). *See also Aloe Creme Laboratories, Inc. v. Francine Co.*, where the United States Court of Appeals for the Fifth Circuit commented:

5

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d at 1296. *See also United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

In any event, there is no indication in the present petition that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the petition in the above-captioned case. *See* Rule 9 of the Section 2254 Rules. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. Before the petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he ***must*** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit. The petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia.[3]

---

[3]*See* Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996:

(B) LIMITS ON SECOND OR SUCCESSIVE APPLICATIONS. –Section 2244(b) of title 28, UNITED STATES CODE, is amended to read as follows:

> "(B)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> "(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>> "(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> "(B)(i) the factual predicate for the claim could not have been discovered previously through the

(continued...)

The five-page form for seeking leave to file a successive petition is entitled a "Motion for Authorization to File Successive Application under 28 U.S.C. § 2244." The mailing address of the Clerk's Office of the United States Court of Appeals for the Fourth Circuit is 1100 East Main Street — Suite 501, Richmond, Virginia 23219-3517.

---

(...continued)

    exercise of due diligence; and
"(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

"(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

"(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

"(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

"(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

"(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

"(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.".

7

### *Recommendation*

Accordingly, it is recommended that the § 2254 petition be dismissed *without prejudice and without requiring the respondent to file a return* because the petition is a successive petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

April 3, 2008                                           s/William M. Catoe
Greenville, South Carolina                              United States Magistrate Judge

### Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).